**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES EDWARD PROCTOR, | No. 11-15596 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00786-RCJ-VPC |
| v. | |
| SUSAN M. SPARKE, Law Library Supervisor; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, Chief Judge, Presiding

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

James Edward Proctor, a Nevada state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

interference with his access to the courts.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo a dismissal under 28 U.S.C. § 1915(e)(2).  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We vacate and remand.

The district court ruled that Proctor could not state an access-to-courts claim because "an inmate does not have a constitutional right of access to the courts to appeal a denial of a *habeas* petition."  Recently, in *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011), we held "that prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Id.* at 1103 (explaining the difference between the "right to assistance" and "interference" analyses for a prisoner's access-to-courts claim).   Because the district court did not have the benefit of *Silva* when it dismissed Proctor's action, we vacate and remand for further proceedings.

Proctor shall bear his own costs on appeal.

**VACATED AND REMANDED.**